Fbost, J.
delivered the opinion of the Court.
This Court entirely concurs with the Circuit Judge in hi» instructions to the jury; and little need be added in support of their manifest justice and propriety. The plaintiff’s attempt upon the life of the defendant’s slave is proved by his own declarations. If the gun had effected his fatal design, so coolly avowed ofter the occurrence, and he had been found *80 guilty of murder, the judgment of the law for that offence could not have been averted. It cannot be questioned that for such an attempt to kill one of his slaves, the defendant was warranted in dismissing the plantiff from his employment.
The conduct of the plaintiff on the 3d of May, afforded another sufficient cause for his dismissal. In no employment does the agent assume to supersede the authority of his employer. There is no reason why an overseer charged with the difficult office of governing slaves, should be permitted to do so. The right of the 'owner to control the overseer in the management of his own property, is just and proper, and should be maintained. Because the defendant changed the employment of the slaves, without consulting, the plaintiff, he was assailed by the plaintiff with opprobious language and threatened with dangerous violence. The condition of the planter would be, indeed, defenceless, if, for the wrongs and indignities to which the defendant was subjected, he were not justified in dismissing his overseer. The motion is granted.
Richardson, J. O’Neall, J. and Evans, J. concurred.

Motion granted.